■ WESTMINSTER PROPERTIES, LTD., Appellant-Respondent, v MILTON S. TEICHER, Respondent-Appellant.

By complaint dated October 28, 1983, plaintiff-landlord sought a declaration that defendant-tenant was in default based upon the tenant's purported failure to allow access to the penthouse wrap-around terrace, for the purpose of making repairs to the exterior of the building, and for the tenant's purported failure to remove certain planters, plant life, trees

and other structures installed on the terrace. In addition, the landlord sought a permanent injunction to prevent the tenant from continuing to impede access and to require the tenant to remove the alleged violations, and for damages and attorneys' fees as provided for under the lease.

On a prior motion by the landlord for a preliminary injunction, it was determined that the offending planters and apparently some of the plant life in issue had been in place when the tenant took possession of the apartment. We note that the landlord has waited over six years to file a note of issue in this case, during which time, as indicated in the affidavit submitted by an officer of the landlord's managing agent, the brick planters, the issue concerning which was referred for trial, were removed subsequent to the issuance of the order on plaintiff's motion for a preliminary injunction, and that the landlord has in fact completed the work contemplated when it originally brought this action and, in the process, has removed the plantings on defendant's terrace and replaced them. Accordingly, there are no issues of fact to be tried with respect to such matter. On the other hand, the landlord has sufficiently raised an issue of fact with respect to whether the tenant did, in fact, improperly deny access to the premises under his control in violation of the lease provisions, and whether such denial, if any, caused damages for which plaintiff may be compensated. Accordingly, in addition to defendant's counterclaims, those issues are hereby referred for trial, along with the issue of whether the landlord is entitled to any attorneys' fees under the provisions of the lease.

The unpublished decision and order of this court entered on December 3, 1991 is hereby recalled and vacated. Concur— Murphy, P. J., Carro, Ellerin, Kassal and Smith, JJ.